**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JONATHON AARON HARTER,

     Petitioner,

v.                                                                                    Case No. 8:06-CV-1338-T-30MAP

DON MERRITT, et al.,

     Respondents.

_____/

## O R D E R

Petitioner, an inmate of the Florida penal system, initiated this action *pro se* by filing

a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Having

undertaken a prompt preliminary review of the petition in accord with Rule 4, Rules

Governing Section 2254 Cases in United States District Courts (2005), the Court concludes

that the petition is subject to summary dismissal without service upon the Respondents.

According to Petitioner's sworn statements, two of the four claims raised in his petition

were raised in a state application for post-conviction relief which is currently pending before

the state court (Dkt. 1 at 16).  It is well settled that "federal district courts must dismiss 'mixed'

habeas corpus petitions – those containing both unexhausted and exhausted claims." *Pliler*

*v. Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). In recognition

of the nature of comity between the national and state sovereignties in our federal system,

this Court should give the state court an opportunity to rule on Petitioner's challenge to his

Dockets.Justia.com

judgment of conviction and sentence. Thus, this case will be dismissed without prejudice to allow Petitioner the opportunity to exhaust his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

ACCORDINGLY, the Court **ORDERS** that:

1.      The petition for writ of habeas corpus is **DISMISSED** without prejudice[1] (Dkt. 1).

2.      The **Clerk** shall enclose a copy of the court-approved form for § 2254 petitions with Petitioner's copy of this order.

3.      The **Clerk** shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 20, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Petitioner

SA:jsh

---

[1] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).